**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CASE NO. 20-21594-SMG
CHAPTER 11

ALEXANDER LEE,

    Debtor.

_____/

### DEANNE LEE'S MOTION TO LIFT AUTOMATIC STAY

Deanne Lee ("Movant"), spouse of Alexander Dong Lee, Debtor-in Possession ("Debtor"), files her Motion to Lift Stay ("Motion") pursuant to 11 U.S.C. §362(d) as follows:

### Background Facts Relating to Pending Divorce

1. Movant and Debtor were married on June 1, 2002.

2. On September 19, 2019, Movant filed her Original Petition for Divorce ("Divorce Petition") in the 254th Judicial District Court of Dallas County, Texas (the "Divorce Court")); styled *In the Matter of the Marriage of Deanne Lee and Alexander Lee and in the interest of S.J.L, a Child,* Cause No. DF-19018473 (the "Divorce Proceeding").

3. On September 28, 2020, the Divorce Court entered its Amended Agreed Temporary Orders ("Temporary Orders"). Among other things, the Temporary Orders provided Movant the following:

    a. Gave Movant primary possession of their minor daughter;

    b. Directed Debtor to pay Movant child support of $1,840.00 per month;

    c. Directed Debtor to pay Movant all expenses of his minor daughter;

    d.  Directed Debtor to pay Movant temporary spousal support of $2,900.00 per month;

    e.  Directed Debtor to pay Movant's monthly rent, car payment, car insurance, health insurance and unreimbursed medical benefits; and

    f.  Gave Movant the right to list the Debtor's $450,000.00 Sea Ray boat for sale.

4.    On November 19, 2019, Debtor filed his Original Counterpetition for Divorce (the "Counterpetition"). In the Counterpetition, Debtor specifically stated that he had "been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period". See Counterpetition paragraph 4 (Emphasis Added).[1] In reliance on this admission, the Divorce Court assumed jurisdiction to administer the Divorce Proceeding. See Tex.Fam.Code Ann. §6.301.

## Bankruptcy

5.    On October 23, 2020 (the "Date of Bankruptcy"), Debtor filed with this Court a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

6.    On November 13, 2020, Debtor filed his Bankruptcy Schedules and Statement of Financial Affairs.

7.    In his Schedules and Statement of Financial Affairs the Debtor testified under oath to the following:

    a.  The Debtor's monthly income from all sources is approximately $79,735.28;

  b. The Debtor's monthly expenses are approximately $48,489.44 producing monthly net income of $31,245.95; and

  c. Approximately three (3) months before the Date of Bankruptcy the Debtor lost $150,000.00 while gambling at Caesar's Palace.

8. Debtor continues to operate multiple business entities and use corporate funds to supplement his income and/or pay for his personal expenses. Movant has a direct interest in such entities in Texas as they are considered community property, having been acquired during the marriage.

9. Debtor's recent requests of the Bankruptcy Court to allow payment of his bankruptcy attorneys and accountant via his Motion to Establish Procedures for Monthly and Interim Compensation and Reimbursement of Expenses (ECF 56 ) demonstrate such need in that income from community property will clearly be used to fund such request.  Simultaneously, Movant is incurring similar attorney fees and will need to request the payment of such fees from the family law judge in the state court proceeding.  Without such relief, the Bankruptcy Court will essentially be depriving Movant of her interests in such property.

## **Arguments**

10. Pursuant to 11 U.S.C. §362(a) certain actions in the Divorce Proceeding have been stayed as a result of the filing of the Bankruptcy Case.[2]

---

[2] Section 362(b)(2) of the Bankruptcy Code provides that the filing of a bankruptcy petition does not operate as a stay for, among other things: (i) the establishment or modification of an order for domestic support obligations; (ii) the establishment or modification of child custody or visitation; (iii) the dissolution of a marriage except to the extent such proceeding seeks to determine division of property that is property of the estate; (iv) the collection of domestic support obligations from property that is not property of the estate; and (v) the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation. 11 U.S.C. §362(b)(2)(A).

11. Section 362(d) of the Bankruptcy Code provides, in relevant part, that the Court may terminate, annul, modify or condition the stay for "cause" including lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. §362(d)(1). With respect to a stay of an act against property of the estate, the Court may terminate, annul, modify or condition the stay provided by Bankruptcy Code Section 362(a) if such property is not necessary to an effective reorganization. 11 U.S.C. §362(d)(2)(B).

12. Cause to lift the stay is determined on a case-by-case basis; however, the existence of pending non-bankruptcy litigation may constitute cause to lift stay to permit the non-bankruptcy litigation to proceed. *Mooney v. Gill (In re Mooney),* 310 B.R. 543, 546 (N.D. Tex. 2002) citing *In re RCM Global Long Term Capital Appreciation Fund, Ltd.,* 200 B.R. 514, 526 (Bankr. S.D.N.Y. 1996) ("Although "cause" is not defined in the statute, the legislative history does provide that a desired to permit an action to proceed to completion in another tribunal may provide … cause.")

13. Ultimately, the granting of relief from the automatic stay is left to the discretion of the bankruptcy court and is decided when a case by case basis. *In re Fowler,* 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001).

14. Movant asserts that "cause" exists to lift or modify the automatic stay to allow the Divorce Proceeding to move forward in its entirety, including to allow Movant to seek an increase spousal support, to allow the Divorce Court to enter a final divorce decree and to allow the Divorce Court to divide property, *but to leave enforcement of the division of the property to this Court.*

15. Movant has legitimate community property interests under Texas law in the entities controlled by Debtor that are not being adequately protected by the Debtor who, upon information and belief, is continuing to deplete the community property interests and this bankruptcy estate by using the entities as a "piggy bank" to live a lavish lifestyle and to transfer entity assets to his family members and/or girlfriend. On his bankruptcy Schedules Debtor values approximately 22 entities, which includes medical practices and restaurants, as having a cumulative value of approximately $1,000,000.00. Upon information and belief, Debtor has misused in excess of $1,000,000.00 from these entities over the past year by making family payments, buying expensive, nonbusiness related items and taking cash from the entities. In short, the Debtor has usurped the cash flow of the entities for his personal benefit and for the benefit of insiders and to the detriment of creditors.

16. Cause also exists to lift the automatic stay because the Debtor has made countless material misrepresentations on his Schedules and Statement of Financial Affairs. These misrepresentations constitute cause for the removal of the Debtor as a Debtor in Possession and impair the Debtor's ability to reorganize since to confirm a plan good faith is required and the misrepresentation evidence the Debtor's lack of good faith.

17. Finally, cause exists to lift the automatic stay to allow the Divorce Proceeding to continue since this court lacks subject matter jurisdiction to adjudicate domestic relations matters under the domestic relations exception to federal jurisdiction.[3] In the instant case, the Bankruptcy Court cannot try the divorce matter and

---

[3] Under the domestic-relations exception to federal jurisdiction, federal courts lack the power to hear certain cases involving family law questions that fall within the traditional authority of the states. *See In re*

establish custody, support and issue a divorce. Those matters are in the exclusive jurisdiction of the Divorce Court. There is no federal law of domestic relations, which is primarily a matter of state concern. *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956). Divorce, alimony, support and maintenance are issues within the exclusive domain of the state courts. *Long v. Calhoun (In re Calhoun),* 715 F.2d 1103, 1107 (6th Cir.1983) (citing *Boddie v. Connecticut,* 401 U.S. 371, 389 (1971). "Even though bankruptcy court jurisdiction over a debtor's property supersedes the jurisdiction of state courts, a bankruptcy court is not required and should not undertake to be a domestic relations court." *Matter of Baker*, 75 B.R. 120, 121 (Bankr. D.Del. 1987).

18. To the extent that the entry of a divorce decree would affect property of the Debtor's bankruptcy estate, Movant moving agrees to return to Bankruptcy Court to allow the Bankruptcy court to maintain its exclusive jurisdiction over property of the estate.

### **Relief Requested**

19. This Motion requests relief from the automatic stay to permit Movant:

   a. to finalize the Divorce Proceeding in its entirety, including division of property and allocation of the responsibilities for community debts, but to leave enforcement of the division of property to this Court,

   b. to seek to increase monthly spousal support as well as additional funds from Debtor to pay for attorney fees both in the divorce proceeding as for bankruptcy counsel;

---

*Burrus,* 136 U.S. 586 593-94 (1890) (Federal Courts have no jurisdiction to determine the subject of divorce, allowance of support or the domestic relations of a husband, wife and child).

c. to insure that Movant receives her community property ownership interest of at least ½ of any distribution Debtor receives on a monthly basis from the entities he controls;

d. to allow Movant, who is a co-owner of the three Colorado properties, to receive her allowed share of such property as determined by the family law court; and

e. to allow the Divorce Court to determine the community property nature of the house located at 2420 NE 33rd Street, Pompano Beach, Florida.

f. Waiver of the 14 day time period pursuant to Rule 4001(a)(1) to allow Movant to immediately set a hearing within the family law proceding.

WHEREFORE, Movant, DEANNE LEE, requests this Court grant her the relief requested above and for such other and further relief as may be just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically where available or by regular mail to all those enumerated on the attached list this 8th day of January, 2021.

        RAPPAPORT OSBORNE & RAPPAPORT, PLLC
        Attorneys for Deanne Lee
        Suite 203, Squires Building
        1300 North Federal Highway
        Boca Raton, Florida 33432
        Telephone:  (561) 368-2200

        BY:     /s/_____
           JORDAN L. RAPPAPORT, ESQ.
           FL Bar No. 108022

SERVICE LIST:

David M Blau    dblau@clarkhill.com
Robert C Furr    ltitus@furrcohen.com,
atty_furrcohen@bluestylus.com;cworkinger@furrcohen.com;staff1@furrcohen.com
Stuart M. Gold    sgold@swglawyers.com

Mark Journey     mjourney@broward.org, swulfekuhle@broward.org
William Riley Nix     riley_nix@yahoo.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
Steven G. Powrozek     spowrozek@logs.com, LOGSECF@logs.com
J. Steven Wilkes     steven.wilkes@usdoj.gov

Americredit Financial Services, Inc. Dba GM Financial
P.O Box 183853
Arlington, TX 76096

Christopher Moser
2001 Bryan Street, Suite 1800
Dallas, TX 75201

William Riley Nix
717 North Crockett Street
Sherman, TX 75090

Attached Matrix