## ASSIGNMENT OF NOTE, LIENS, AND RIGHTS UNDER SECURITY AGREEMENTS AND OTHER LOAN DOCUMENTS

**THIS ASSIGNMENT OF NOTE, LIENS, AND RIGHTS UNDER SECURITY AGREEMENTS AND OTHER LOAN DOCUMENTS** ("Assignment") is hereby made and entered into effective this the 26 date of March, 2021 by in between **FIRST UNITED BANK AND TRUST COMPANY** (the "Bank"); **ALEXANDER DONG LEE** (the "Debtor" or "Guarantor"), as Guarantor; **DEANNE LEE** (the "Wife") and being joined for consent purposes only by **CRAZY FISH INCORPORATED** (the "Borrower") and the Third Party Pledgors described below, as follows:

**WHEREAS**, the Bank is the owner and holder of the Note and any and all rights, title, and interests in and under the First United Mortgage and the Loan Documents; and

**WHEREAS**, the Debtor, in connection with the Bankruptcy Proceeding of the Debtor, and Wife, have entered into a Contract to Buy and Sell Real Estate (the "Contract"), dated January 9, 2021, with John Graham Lamb ("Purchaser") for the sale of the Real Property, which sale (the "Sale") is the subject of the Motion of Debtor Alexander Dong Lee to Approve Sale of Real Property Located at 2420 NE 33rd Street, Lighthouse Point, Florida 33064 (the "Motion"); and

**WHEREAS**, Wife has asserted a community property interest in the Real Property, and the sales proceeds there from to be received from the Purchaser in connection with the Sale, and that such Real Property is subject to division by the Family Court as marital property in connection with the Divorce Proceeding described below; and

**WHEREAS**, upon the closing of the Sale of the Real Property, the Debtor, in discharge of his obligations under the Guaranty, and Wife have agreed, in consideration of the assignment and transfer of the Note and any and all rights under the Loan Documents, to pay the First United Payment to the Bank.

**NOW THEREFORE**, in consideration of the promises, covenants, representations, and other agreements set forth in this assignment, the receipt and sufficiency of which are hereby acknowledged, the parties, intending to be legally bound, hereby covenant as agree as follows

    1.    **Definitions**.  For the purposes of this Assignment, the following terms set forth:

        (a)    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale division

(b) "Bankruptcy Proceeding" shall mean Chapter 11 Bankruptcy Case No. 20-21594-SMG, styled *In Re Alexander Dong Lee*, pending in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale division.

(c) "Borrower" shall mean Crazy Fish Incorporated, a Texas corporation, whose address is P.O. Box 59066, Dallas, Texas 75229, and its successors and assigns.

(d) "Divorce Proceeding" shall mean Cause No. DF-19-18473, styled *In the Matter of the Marriage of Deanne Lee, Petitioner and Alexander Dong Lee, Respondent*, pending in the Family Court.

(e) "Family Court" shall mean the 254th judicial District Court, Dallas County, Texas.

(f) "First United Mortgage" shall mean the Commercial Mortgage, Security Agreement, Financing Statement and Assignment of Rents, dated August 19, 2019, executed by Guarantor and Deanne Lee (nominally as Borrowers), granting and pledging to lender a first priority mortgage lien on the Real Property to secure the obligations of Guarantor under the Guaranty.

(g) "First United Payment" shall mean the payment by the Debtor in connection with his Guaranty to be received by the Bank at the Closing of the Sale in the amount of ONE MILLION SEVEN HUNDRED NINETY-TWO THOUSAND FIVE HUNDRED SEVENTY-THREE AND 52/100 DOLLARS ($1,792,573.52) plus interest accruing from March 26, 2021, until the date of closing at the rate of 5.000000% per annum, which is $247.618 per day.

(h) "Guarantor" shall mean Alexander Dong Lee, an individual, and the Debtor in the Bankruptcy Proceeding.

(i) "Guaranty" shall mean the Commercial Guaranty Agreement executed by Guarantor in favor of Lender.

(j) "Lender" shall mean First United Bank and Trust Company, an Oklahoma financial institution, whose address is 1400 West Main Street, Durant, Oklahoma 74701, and its successors and assigns.

(k)   "Loan" show mean loan number xxxxx7373 between Lender, Borrower, Guarantor, and Third-Party Pledgors, as evidenced by the Loan Documents.

(l)   "Loan Agreement" shall have the meaning set forth in the Note.

(m)  "Loan Documents" shall have the meaning set forth in the Note, and shall include any and all additional instruments, agreements, pledges, assignments, or other documents executed by Borrower, Guarantor, and Third-Party Pledgors executed after the Effective Date of this Assignment.

(n)   "Note" shall mean the Commercial Promissory Note, dated August 19, 2019, executed by Borrower in favor of Lender in the original principal amount of Two Million and NO/100 Dollars ($2,000,000.00).

(o)   "Real Property" shall mean the real property and improvements legally described as Lot 11, Block 8, of LIGHTHOUSE POINT, 6TH SECTION, a subdivision in the City of Lighthouse Point, Broward County, according to the plat thereof, as recorded in Plat Book 42, Page 35, of the Public Records of Broward County, Florida, and being more commonly known as 2420 NE 33rd Street, Lighthouse Point, Florida 33064.

(p)   "Sale Order" shall mean the Order Granting Motion of Debtor Alexander Dong Lee to Approve Sale of Real Property located at 2420 NE 33rd Street Lighthouse Point, Florida 33064 [ECF No. 80] to be entered by the bankruptcy court in connection with the motion

(q)   "Third Party Pledgors" shall mean  Crazy Blue Sharks, Inc., a Texas corporation, Crazy Fish, Inc., a Texas corporation, Crazy Hammerheads, Inc., a Texas corporation, Crazy Lemon Sharks, Inc., a Texas corporation, Crazy Sailfish, Inc., a Texas corporation, Crazy Silky Sharks, Inc., a Texas corporation, Crazy Tiger Sharks, Inc., a Texas corporation, Crazy White Sharks, Inc., a Texas corporation, El Loco Sakana, Inc., a Texas corporation, Crazy Whale Sharks, Inc., a Texas corporation, Crazy Lion Fish, Inc., a Texas corporation, Crazy Clown Fish, Inc., a Texas corporation and Crazy Mola Mola, Inc., a Texas corporation

2.   **Assignment of Note and Loan Documents**. The Bank hereby irrevocably assigns to the Debtor, without recourse to the Bank, and the Debtor hereby irrevocably assumes from the Bank, without recourse to the Bank, as of the Effective Date (as defined below), any and all rights, title, and interest in and to the Note and the Loan Documents.

Debtor hereby assumes and agrees to perform any and all and obligations of Bank under the Note and the Loan Documents (collectively the "Assumed Obligations"). Debtor acknowledges that Bank has assigned to Debtor all of the rights of Bank under the Promissory Note, including, without limitation, the right to obtain loans, all on the terms and subject to the conditions set forth in the Promissory Note. From and after the date hereof, Debtor agrees to perform and discharge all of the Assumed Obligations, including, without limitation, performance and observance of all of the covenants and conditions of the Promissory Note to be performed or observed by Bank thereunder or in connection therewith, and to be bound in all respects by the terms of the Promissory Note as they relate to Bank as if Debtor were the original Lender thereto. From and after the date hereof, all references in the Promissory Note to Bank as the Lender defined in the Promissory Note shall be deemed to be a reference to Debtor as the Lender. Upon assignment, the Note shall be delivered in its current form and shall only be endorsed as follows: "Payable to Alexander D. Lee, and his successors and assigns".

3. **Transfer of First United Mortgage.** The parties hereby acknowledge and agree that upon the closing of the Sale of the Real Property, the Bank shall execute a Transfer of Lien in such form as may be agreeable to the Debtor and Wife (and their counsel), the Purchaser, and the title company closing the Sale, in connection with the First United Mortgage. The Bank hereby agrees to execute such other and further documents or instruments as may be requested or required by the Debtor or Wife, or the title company in connection with the closing of the Sale.

4. **Delivery of Loan Documents and Loan Files.** Upon the closing of the Sale and the payment of the First United Payment, the Bank shall deliver the Note, the Loan Documents, and any and all other certificates, applications, appraisals, financial statements, valuations, reports, surveys, and other documents or agreements in its possession (hereafter collectively the "Loan Files") to counsel for the Debtor and Wife in accordance with the terms of the Sale Order.

5. **No Release or Waiver by Bank or Debtor.** Nothing contained in this Assignment shall in any manner be construed or interpreted to constitute any release, waiver, or discharge of any breach or default under the terms of the Note and the Loan Documents existing as of the Effective Date, which breach or default is and shall be fully enforceable by the Debtor or the holder of the rights under this Assignment after the Effective Date.

6. **Consent by Borrower and Third-Party Pledgors, Debtor and Wife.** The Borrower, Third-Party Pledgors, and Debtor and Wife hereby acknowledge, represent, and warrant that the assignment of the Note and Loan Documents will be of substantial and material financial benefit to such parties and their shareholders and members. As

such, the Borrower, Third-Party Pledgors, and Debtor and Wife hereby consent to, approve, ratify, and affirm this Assignment and the terms, conditions, and provisions thereof. In further consideration of the promises in agreements of the Bank under this assignment, the Borrower, Third-Party Pledgors, and Debtor and Wife hereby release, waive, and discharge any and all claims, actions, demands, and causes of action, whether in tort or in contract, whether known or unknown, together with any damages, injuries, harm, loss, costs, and expenses arising out of any acts, omission, or other conduct of the Bank in connection with the Note, the pledge and encumbrance of the real property described in that certain Commercial Mortgage, Security Agreement, Financing Statement and Assignment of Rents dated August 19, 2019, executed by Alexander D. Lee, joined pro forma by Deanne Grace Lee, recorded under Instrument No. 116129502 of the Public Records of Broward County, Florida, and the Loan Documents prior to the Effective Date.

7. **Representations and Warranties of Bank**. This Assignment is executed by Bank without recourse and without warranty or representation, express or implied, except that Bank does expressly warrant and represent to Debtor that:

(a) Bank is the owner and holder of the Note and the Loan Documents and all of the liens, mortgages, pledges, and security interest evidenced or created by the Loan Documents (the "Liens") and any superior title existing under and by virtue of the Loan Documents, and except for the transfer to Debtor evidenced hereby, Bank has not transferred title to the Note or any of the Loan Documents or any Liens and any superior title evidenced by any of the Loan Documents or otherwise securing the payment of the Note;

(b) Bank has full right, power and authority to transfer all of its right, title and interest in and to the Note and the Loan Documents and all of the Liens and any superior title existing under and by virtue of the Loan Documents to Debtor, free of any encumbrances and claims of any person claiming by, through or under Bank;

(c) To the extent the Note and/or the Loan Documents have been expressly amended or modified, Bank has provided copies of such amendments and modifications to Debtor and his counsel;

(d) Except for the transfer to the Debtor as evidenced hereby, the Bank has not executed any transfer, assignment, pledge, release, discharge or subordination relating to the Note or any of the Loan Documents or any of the Liens and any superior title existing under the Loan Documents or otherwise securing the payment of the Note;

(e) The outstanding principal balance of the Note as of March 26, 2021 is $1,782,849.08 with accrued interest thereon as of March 26, 2021, in the amount of $6, 339.44, plus other charges owing the Bank in the amount of $3,385.44; and

(f) The payment of the First United Payment, and the assignment of the Note under this Assignment, shall not constitute (i) a payment of the Note or any amounts due thereunder, which amounts show remain fully due and payable by the Borrower or (ii) any release, waiver or discharge of the Liens against any property of the Borrower or the Third-Party Pledgors;

(g) The Bank has not accelerated the maturity of the indebtedness represented by the Note, and to the knowledge of the Bank, there are no default(s) that exist under the Note and Loan Documents that would permit such acceleration under the terms and provisions of the Note or any of the Loan.

8. **Representations and Warranties of Debtor.** The Debtor hereby represents and warrants that (a) he is legally authorized to enter into this Assignment; (b) the transactions evidenced by this assignment has been approved by the Bankruptcy Court; (c) he will be bound by the provisions of this Assignment and will perform in accordance with its terms all the obligations; and (d) makes all of the representations and warranties set forth herein as of the Effective Date.

9. **No Waiver of Rights in Divorce Proceeding.** The Debtor and Wife hereby reserve any and all rights they may have under the Note, the Guaranty, the Loan Documents, and applicable state or federal law for the collection of the Note and for reimbursement from the Borrower and Third-Party Pledgors under the Note for any and all amounts paid to the Bank in connection with the Sale of the Real Property and the First United Mortgage. None of the stipulations or agreements of the Debtor or the Wife as set forth herein or on the Sale Order shall be construed to constitute waiver of, or prejudice to, any rights of the Debtor or the Wife in connection with the division of their marital estate or the allocation of community indebtedness by the Family Court. Nothing in this Assignment shall be construed to affect the property rights, if any, of the Debtor and Wife in the Real Property, the Note and Liens, the Note Payments and/or the Net Sale Proceeds (collectively, the "Sale Assets"), which property rights will be determined by the Family Court. Both the Debtor and his Wife reserve any and all rights to assert claims in, and rights to, the Sale Assets to determine whether such Sale Assets are separate property or community property under Texas law.

ASSIGNMENT OF NOTE, LIENS, AND RIGHTS UNDER SECURITY AGREEMENTS AND OTHER LOAN DOCUMENTS - Page 6 of 9

10. **Amendment and Modifications.** This Assignment may only be amended or modified by means of an instrument in writing signed by all parties.

11. **Waiver.** The parties hereto may by mutual agreement (a) extend the time for the performance of any of the obligations or other acts of the other party hereto, (b) waive any inaccuracies in the representations and warranties contained herein or in any document delivered pursuant hereto, and (iii) waive compliance with any of the agreements or conditions contained herein. Any agreement on the part of a party hereto to any such extension or waiver shall be valid only if set forth in an instrument in writing signed by all parties hereto.

12. **Entire Agreement.** This Agreement contains the entire agreement between the parties and supersedes all prior agreements, arrangements and understandings relating to the subject matter hereof.

13. **Binding Effect; Assignment.** This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns, heirs, and estates. This Assignment any rights or obligations here under the baby is signed by any party without the prior written consent of the Bank, Debtor, and Wife provided, however, that this Assignment, and the Note and Loan Documents, may be assigned or transferred by the order of a court of competent jurisdiction, including the Family Court, in connection with a property division or allocation of marital property in the Divorce Proceeding or in connection with the confirmation of a plan of re-organization in the Bankruptcy Proceeding.

14. **Governing Law; Submission to Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to applicable principles of conflict of laws that might otherwise govern, and shall be performable in Dallas County, Texas. The parties hereby submit to the nonexclusive jurisdiction of the United States District Court for the Northern District of Texas and of any State Court sitting in Dallas County, Texas for the purposes of all legal proceedings arising out of or relating to this Agreement or the transaction contemplated hereby. The parties irrevocably waive, to the fullest extent permitted by law, any objection which they may now or hereafter have to the laying of the venue of any such proceeding brought in such a court and any claim that any such proceeding brought in such a court has been brought in an inconvenient forum.

15. **Notices.** All notices, consents, directions, approvals, instructions, requests and other communications required or permitted by the terms of this Assignment to be given to any party hereto shall be in writing, and any such communication shall become effective three (3) business days after being deposited in the United States mails, certified

**ASSIGNMENT OF NOTE, LIENS, AND RIGHTS UNDER SECURITY AGREEMENTS AND OTHER LOAN DOCUMENTS** - Page 7 of 9

or registered, with appropriate postage prepaid for first class mail or, if delivered by hand or courier service or in the form of a telex, telecopy or telegram, when received (if received during normal business hours on a business day, or if not, then on the next business day thereafter), and shall be directed to the parties at their residence or principal place of business.

16. **Severability.** In the event that any term, provision, or condition of this Assignment shall be determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, the remainder of this Assignment, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Assignment shall be valid and enforced to the fullest extent permitted by law. To the extent permitted by applicable law, the parties to such instrument waive any provision of law that renders any provision thereof prohibited or unenforceable in any respect.

17. **Counterparts.** This Assignment may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall be considered one and the same instrument.

18. **Headings.** The section headings contained in this Assignment are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the Effective Date.

**BANK:**                                        **DEBTOR:**

**FIRST UNITED BANK AND TRUST COMPANY**

By: _/s/ illegible_
Name: _Michael Albers_
Title: _Senior Vice President_

ALEXANDER D. LEE, Individually and as the duly-authorized representative and officer of the Third-Party Pledgors

**ASSIGNMENT OF NOTE, LIENS, AND RIGHTS UNDER SECURITY AGREEMENTS AND OTHER LOAN DOCUMENTS** - Page 8 of 9

**WIFE:**                                        **BORROWER:**

                                                      **CRAZY FISH, INCORPORATED**

_____

**DEANNE LEE**, Individually

                                                    By: _____
                                                         **ALEXANDER D. LEE**
                                                         Title: _____

or registered, with appropriate postage prepaid for first class mail or, if delivered by hand or courier service or in the form of a telex, telecopy or telegram, when received (if received during normal business hours on a business day, or if not, then on the next business day thereafter), and shall be directed to the parties at their residence or principal place of business.

16. **Severability.** In the event that any term, provision, or condition of this Assignment shall be determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, the remainder of this Assignment, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Assignment shall be valid and enforced to the fullest extent permitted by law. To the extent permitted by applicable law, the parties to such instrument waive any provision of law that renders any provision thereof prohibited or unenforceable in any respect.

17. **Counterparts.** This Assignment may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall be considered one and the same instrument.

18. **Headings.** The section headings contained in this Assignment are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the Effective Date.

**BANK:**

**FIRST UNITED BANK AND TRUST COMPANY**

By: _____
Name: Michael Albers
Title: Senior Vice President

**DEBTOR:**

_____
ALEXANDER D. LEE, Individually and as the duly-authorized representative and officer of the Third-Party Pledgors

**WIFE:**

_____
**DEANNE LEE, Individually**

**BORROWER:**

**CRAZY FISH, INCORPORATED**

By: _____
**ALEXANDER D. LEE**
Title: _____President_____